## CHAMPAGNE *vs.* CHAMPAGNE'S SYNDIC.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. CHARLES.

Where sales are shown to be simulated, the property will be declared to belong to the original owner.

So, where the wife directs her husband to sell her property, to pay the children of her first marriage, and she joins him in an act of ratification, she will have a mortgage claim on his estate, for such portion of the proceeds as he has not accounted for.

This case comes up on an appeal from a judgment dismissing the opposition of the plaintiff, widow Champagne, to the tableau of distribution filed by the syndic of the creditors of her husband, the late François Champagne. She claimed a considerable sum for the price of a tract of land, her separate property, which was sold by her husband, and the proceeds not accounted for. The judge of probates dismissed her opposition, and she appealed.

*Roselius,* for the plaintiff.

*J. Seghers, contra.*

*Rost, J.,* delivered the opinion of the court.

The plaintiff opposes the homologation of the tableau of distribution, filed by the syndic of the creditors of her late husband, on the ground that in addition to the sum allowed

EASTERN DIST.
*May*, 1839.

CHAMPAGNE
*vs.*
CHAMPAGNE'S
SYNDIC.

her, she ought to have been placed on said tableau as a privileged creditor, for the further sum of six thousand five hundred dollars, this being the amount of the proceeds of the sale of a tract of land belonging to her, and sold by her husband. The Probate Court dismissed her opposition, and she appealed.

It appears that in 1801, her first husband being then dead, she purchased a tract of land at the probate sale of his father's succession, for the sum of two thousand dollars. In November, 1803, having at that time become the wife of François Champagne, she sold said land to the curator of her minor children, for the price she had paid, which sum the purchaser bound himself to pay to the children when they married or attained the age of maturity. On the next day, the curator sold to F. Champagne, for the same price and on the same conditions. In 1809, F. Champagne sold to Charles Peret, and having forgotten the two transfers made in 1803, he describes the land in the sale as *une habitation qui lui provient de son épouse Marie Albert*, the present plaintiff.

In 1821, the plaintiff and her husband went before the notary of the parish, with the children of the said plaintiff, and they all ratified the sale to Peret.

In the act of ratification, the plaintiff states, that having found herself under the necessity to sell the land to pay the children of her first marriage, she had authorized her husband verbally to sell it to Charles Peret ; and that having at that time given her husband no written authorization to sell, and made no renunciation of her rights, she feared that the purchaser might be disturbed, and with a view to prevent it, ratified the sale.

From the declarations of both husband and wife, made at a time when no suspicion can attach, as well as from the aspect of the transaction itself, we have no doubt that the sales from the plaintiff to the curator, and from the curator to her husband were not serious and did not bind the parties, for want of a consent between them that they should be binding.

Those sales were simulated and void, and the land remained the property of the plaintiff until it was sold to

*Where sales are shown to be simulated, the property will be declared to belong to the original owner.*

Peret. It is unnecessary to decide whether a direct sale from the wife to the husband would be valid ; in this case there was no sale, and the plaintiff never was divested of her title.

The plaintiff is entitled to recover the proceeds of the land, but her husband had paid her children three thousand seven hundred and forty-five dollars eleven cents, which both parties agree to deduct from those proceeds.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed ; and that in addition to the sum already allowed the plaintiff, she be placed on the tableau for the further sum of two thousand seven hundred and fifty-four dollars, eighty-nine cents, to be paid as a mortgage claimant out of the funds of the insolvent. The syndic and appellee paying the costs in both courts.